UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRUD ROSSMANN,

    *Plaintiff*,

v.

ELIZABETH WINGO, Judge, et al.,

    *Defendants*.

Civil Action No. 1:20-cv-01155 (UNA)

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the Complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.

Plaintiff is a District of Columbia resident who "sues for the reinstatement of a lawsuit . . . unlawfully dismissed less than two years ago by D.C. Superior Court Judge Elizabeth Wingo, as a result of the unlawful conduct of attorney John Calendar."  Compl. at 4 ¶ 8.  Plaintiff has sued Judge Wingo, Attorney Calendar, and two officers of the homeless shelter in the District of

Columbia that was the subject of his dismissed lawsuit. *See id*. at 5 ¶ 9 ("The lawsuit, brought in 2018, . . . sued [Community for Creative Non-Violence] and others for the unlawful termination of [Plaintiff's] residency at his then prior residence: the homeless shelter CCNV."); *id*. at 11 ¶¶ 40, 45 (alleging that CCNV Executive Director Rico Harris and Deputy Executive Director Zachrous Hunter "effected the unlawful termination" of Plaintiff's "residency").

"The Rooker-Feldman doctrine prevents lower federal courts from hearing cases that [as here] amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). Moreover, this Court cannot order the Superior Court to take any action, much less to reinstate Plaintiff's case. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Plaintiff's recourse lies, if at all, in the District of Columbia Court of Appeals and ultimately in the United States Supreme Court. *See* 28 U.S.C. § 1257; *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (Section 1257 "channels directly to the Supreme Court all federal review of judicial decisions of state (and D.C.) courts of last resort") (parenthesis in original)). Therefore, this case must be dismissed. An Order will be released contemporaneously with this Memorandum Opinion.

DATE: May 27, 2020

*/s/ Carl J. Nichols*
CARL J. NICHOLS
United States District Judge